## R. P. REEVES v. THE STATE.

*No. 488.   Decided February 23.*

**Gaming—Public Place.**—On a conviction for "playing cards in a 'dugout,' where people commonly resorted for gaming purposes," and where the proof showed that the dugout, while disconnected from a saloon, was used for the purpose of storing beer and whisky, and that the saloonkeeper would send drinks into the dugout when called for by parties gaming therein, *Held,* that where the proof, as in this case, showed that the dugout was a common resort for gaming, it was immaterial that it was used in connection with and for the purpose of another business.

APPEAL from the County Court of Floyd. Tried below before Hon. A. B. DUNCAN, County Judge.

The appellant in this case was charged by information with the offense of playing cards in a public place commonly resorted to for the purpose of gaming. He was convicted, and his punishment assessed at a fine of $15, from which he appealed.

The opinion sufficiently states the facts.

*Snodgrass & Snodgrass*, for appellant.

No briefs on file for the State.

DAVIDSON, JUDGE.—Appellant was convicted for playing at a game of cards in a dugout, where people commonly resorted for gaming purposes. The dugout was disconnected from the saloon, but used to some extent in storing whisky, which was used by the saloonkeeper in his saloon business. The dugout was resorted to for the purpose of gaming, and the saloonkeeper would send drinks into the dugout when called for by the players. It was contended on the trial, by appellant, that this constituted the dugout a place for retailing spirituous liquors, and therefore there was a variance between the allegations and proof. If the fact that drinks were sent to parties engaged in the gambling in the dugout should bring it within the meaning of a place for retailing spirituous liquors, still there was no variance, for the proof is, that the place was commonly resorted to for such gaming purposes. The court did not err, then, in charging the jury, that if the dugout was shown to be a common resort for gaming, it was immaterial that another business was carried on there.

The evidence fully sustains the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.