### CHARLES KEIZEWETTER v. THE STATE.

*No. 588.   Decided May 27.*

**Pulling Down the Fence of Another—Indictment—Want of Consent.—** Where one party builds a fence upon the land of another, and a third party pulls the fence down, in order to hold this latter party liable for the statutory offense, the indictment must negative the want of consent of the owner of the land inclosed by the fence, as well as the want of consent of the builder of the fence.

APPEAL from the County Court of Austin. Tried below before Hon. S. R. BLAKE, County Judge.

This appeal is from a conviction for pulling down the fence of another, the punishment assessed being a fine of $10.

The opinion states the case.

No briefs have come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for pulling down the fence of one J. A. Mevis, without his consent, etc. The father of Mevis, many years prior to this prosecution, when he sold the land now owned by appellant, reserved a strip of land between his own and the deeded land as a passway or lane over which the cattle could travel to a creek near by for watering purposes. Mevis, the alleged owner, to prevent appellant's cattle from watering at said creek, erected a fence across this outlet by joining it to appellant's fence. Appellant moved his fence, thus again opening the lane. Mevis built another fence at a different point and on another party's land, and again debarred appellant's cattle from reaching the creek. Appellant obtained permission of the owner of this land to open the fence, and did open it. Mevis then constructed his third line of fence, joining it to the fence of still another party. This was the fence torn down by

appellant, and a way again opened for his cattle to reach the creek for water. This was his only means of obtaining water for his stock. The main, if not the only, purpose on the part of Mevis in building these fences was to cut off said cattle from reaching the creek in question. The fence, though built by Mevis, was not on his own land. There is a variance between the allegations and proof. The pleading must negative, in this character of case, the want of consent of each and all the owners of land inclosed by the injured fence.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.