## Frank Leal v. The State.

### No. 2818.    Decided June 15, 1904.

**1.—Penalty—Change in Law Fixing Different Punisment.**

Where the penalty for assault with intent to murder in the repealed law was not less than two nor more than seven years, and the existing law fixes the same at two and not more than fifteen years, and the jury, under a charge to assess defendant's punishment, if guilty, as under the former law, assessed his penalty at two years, there was no error of which appellant could complain.

**2.—Charge of the Court.**

A charge in the usual approved form with reference to the instrument and the manner it is used in a case of assault with intent to murder, is not error as applied to the facts in evidence.

**3.—Same—Deadly Weapons.**

It is not error to charge in accordance with the facts in the case, on the question of the use of a deadly weapon, where the indictment does not charge the assault with intent to murder by the use of a deadly weapon or any other means, but is in the usual form.

Appeal from the District Court of Victoria. Tried below before Hon. J. C. Wilson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The shooting occurred at a Mexican dance on the night of December 24, 1903, at Inez, in Victoria County. Defendant first got into a quarrel with Dr. Ledford, and was drinking. Jack Birmingham, the party alleged to have been injured, was in the house when the defendant and the doctor were having some trouble out in the yard near a fire where a Mexican woman was cooking tamales. He started towards them and spoke to defendant and told him that the doctor meant no harm, when defendant resented his interference and threw his pistol down on Birmingham, and after snapping the pistol several times fired, the doctor knocking the same down and the shot going into the ground. In the meantime defendant was cursing Birmingham, telling him to leave, and that he would kill him if he did not leave, and finally fired a second time at Birmingham and again missed him, when parties interfered and defendant was arrested. The first shot was fired when the defendant and Birmingham were about ten feet apart and the second shot at about thirty feet.

*Dupree & Poole,* for appellant.—The court in his charge to the jury incorrectly stated the punishment assessed for assault with intent to murder, and failed to give in charge to the jury, the punishment fixed by statute to the offense charged in the indictment in this cause, as by general laws Twenty-eighth Legislature, page 160, prescribed, and in this the court committed error, all of which was excepted to by motion for a new trial. Acts 1903, p. 160. Hargraves case, 30 S. W. Rep., 801, decides where the judge mistakes the maximum penalty the case will be reversed, and refers with approval to Graham case, 29 Texas Crim. App., 31, 13 S. W. Rep., 1013, which holds that it has been repeatedly held that if the charge incorrectly instructs the jury as to the penalty of the offense it is fundamental error, for which the conviction will be set aside although the error be not excepted to, and although it may be an error inuring to the benefit of the defendant. Approving Williams' case, 25 Texas Crim. App., 76; Irvin's case, Id., 588. And in the following cases it is held that an erroneous charge on penalty is material error even though not excepted to: Spears case, 8 Texas Crim. App., 467; Book 4, Texas Notes, 1210; Turner case, 17 Texas Crim. App., 587; Book 5, Texas Notes, 252; Harwood case, 18 Texas Crim. App., 348; Gardenhire case, Id., 565; Book 5, Texas Notes, 271, sustaining Bostic case, 22 Texas Crim. App., 136; Meyer's case, 9 Texas Crim. App., 157, and a number of other cases cited under article 716, Note 15, Wilson Crim. Stats., 1887. The court's attention was called to this error by a motion for a new trial, which motion was overruled. Parker v. State, 67 S. W. Rep., 121; Lovejoy v. State, 48 Id., 520.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, the penalty assessed being two years in the penitentiary.

The first ground of appellant's motion for new trial is that the court misdirected the jury as to the penalty. The court instructed the jury to assess appellant's punishment, if guilty of assault to murder, at not less than two nor more than seven years in the penitentiary. By the Acts of the Twenty-eighth Legislature, page 160, the penalty with reference to assault to murder was changed, making the punishment not less than two nor more than fifteen years imprisonment in the penitentiary. But this error could not possibly have injured appellant, inasmuch as he was given the lowest penalty. Lovejoy v. State, 48 S. W. Rep., 520.

Appellant complains of the following portion of the court's charge, to wit: * * * "instrument reasonably calculated to produce death or serious bodily injury from the manner of its use," etc., because under the law of this case the question of serious bodily injury is not an element of assault with intent to murder. The above is an excerpt from the court's charge, which is the usual approved and stereotyped form.

Appellant further insists that the charge is erroneous, because the jury was instructed that "said assault, if any, was committed with a deadly weapon," whereas in the indictment defendant is not charged with making an assault by the use of a deadly weapon or any other means; and the question of a deadly weapon forms no part of this case and should not have been submitted to the jury, but the same should have been submitted to the jury under the allegations of the indictment and leave them to find from all the facts in the case beyond a reasonable doubt that the assault, if any was committed, without reference to the means used in making said assault. The indictment is in the usual form; and this charge is applicable thereto and the facts proven thereunder.

Appellant also insists that the court erred in failing to charge on accidental shooting. There was no evidence in this record authorizing such a charge. All the witnesses testify that appellant shot twice at prosecutor with a pistol; and there is nothing suggesting any innocent intent.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]