## M. PATE v. THE STATE.

### No. 4071. Decided November 11, 1908.

**1.—Injuring Fence of Another—Ownership—Variance—Survivor of Community.**

Upon trial of unlawfully injuring the fence of another, where the information alleged the ownership of the fence in the surviving wife of the community estate, the same was sufficient, although the proof showed

that at the date of her husband's death he left surviving him seven children, two of whom were alive at the time of the trial, and there was no variance.

**2.—Same—Want of Consent.**

See opinion for evidence which showed want of consent of lessee on part of defendant to cut the fence in question.

Appeal from the County Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Dan S. Chessher, D. W. Wilcox, John Dowell* and *J. F. Taulbee,* for appellant. Tanner v. State, 50 S. W. Rep., 347; Kiezewetter v. State, 31 S. W. Rep., 395; Brumley v. State, 12 Texas Crim. Rep., 609.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information in the County Court of Williamson County with unlawfully breaking and injuring the fence of one Mrs. M. L. Dimmitt, which was averred to be under the management and control of Wm. Wood under a lease contract, without the consent of Mrs. Dimmitt or of Wood, or either of them. On trial he was convicted, and his punishment assessed at a fine of $10. The opinion of the court on a former appeal will be found in 46 Texas Crim. Rep., 483.

There are a number of questions raised on the appeal, but only two are treated in appellant's brief, and these are the only substantial issues arising in the case.

1. It is claimed that the verdict of the jury was contrary to the law and the evidence in that the fence in controversy was alleged to be the property of Mrs. M. L. Dimmitt, while from the statement of facts it appears that the fence in question belonged to her and other parties jointly, and that before a conviction could be had it was necessary to allege all the owners of the property and their lack of consent to the breaking. To sustain this proposition, the following authorities are submitted: Tanner v. State, 50 S. W. Rep., 347; Keizewetter v. State, 31 S. W. Rep., 395; Anderson v. State, 29 S. W. Rep., 786; Govett v. State, 8 S. W. Rep., 478, and Brumley v. State, 12 Texas Crim. App., 609. The testimony shows that on November 27, 1879, a tract of land, on which the fence in controversy stood, consisting of 532 acres, was conveyed by L. D. Puckett and wife to John J. Dimmitt, who was the husband of Mrs. M. L. Dimmitt, and who had died many years before the commission of the offense alleged in this case. It was further shown by the testimony of Mrs. Dimmitt that at the date of her husband's

death he left surviving him seven children, two of whom were alive at the date of the trial as well as several grand children.    There are many authorities sustaining the general proposition contended for by appellant, and the authorities cited by him and above referred to undoubtedly do sustain his position in respect to the general rule that where an offense such as this is charged, the ownership of the property must be accurately alleged and the want of consent of all the owners negatived in the indictment.    We do not believe, however, that as applied to the facts in this case, that there was any error in the action of the court in holding the proof sufficient. Article 445 of the Code of Criminal Procedure, among other things, contains the following provision:  "When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs."  In this case the record showed that Mrs. Dimmitt had in due time and in accordance with law qualified as the survivor in the community estate of herself and husband. This, therefore, clothed her with absolute management of the estate as fully and completely as she would have been if made by will the independent executor of her husband's estate, with full power and management.    She was so far as control, management, lease or sale, the sole owner of the estate, and no one, not even the heirs of the deceased husband, could control or affect her acts of ownership over the property.    See Sayles Civil Statutes, art. 2227; Watkins v. Hall, 57 Texas, 3.    We think, on reason and authority, that the ownership in Mrs. Dimmitt was properly alleged, and that there was no such variance as to affect the validity of the judgment of conviction.

2. It is urged that the proof did not show the lack of consent of the breaking on the part of Woods.    In this counsel for appellant are in error.    Among other things, Mr. Woods, in his testimony, says:  "The west string of the fence of the pasture which I have leased, which is the fence which separates this pasture from defendant's pasture, has been cut or pulled down a number of times since I first leased this pasture, and without my consent."    There are other facts testified to by him such as a conference and a protest to appellant from which a lack of consent is a necessary and inevitable inference.

There are no other questions arising on the appeal requiring discussion.

Finding no error in the judgment of conviction, it is ordered that the judgment of the court be and the same is hereby in all things affirmed.

*Affirmed.*