### GUS BRYAN v. THE STATE.

No. 8131.   Decided March 26, 1924.

**1.—Gaming—Charge of Court—Unauthorized Penalty.**

Where the indictment for playing cards in a public place charged a misdemeanor for which the statute fixes a maximum fine of twenty-five dollars and the court charged the jury that they might find the defendant guilty and assess his punishment at a maximum fine of fifty dollars which they did, the same is reversible error. Following: Holland v. State, 29 S. W. Rep., 786, and other cases.

**2.—Same—Severance—Practice in Trial Court.**

Where defendant made application with another separately indicted for a severance, according to the statute, the same should have been allowed.

### 3.—Same—Jury and Jury Law—Foreman.

Where a juror was objected to as being disqualified and the court held him to be qualified, and after reading his charge to the jury handed the same together with the papers in the case to this particular juror claimed to be objectionable, and thus in terms appointed him as foreman of the jury and he acted in this capacity and was not elected by the jury itself, the same is reversible error.

### 4.—Same—Witness—Impeachment.

Where a State's witness merely failed to remember facts sought to be elicited from him favorable to the State's case, he did not thereby place himself in an attitude to be impeached by proof of contradictory statements theretofore made by him, not intending to mislead.

### 5.—Same—Contradicting Witness—Grand Jury.

Where the witness' only fault was failure to remember favorable facts it was error that members of the grand jury were permitted to testify for the State to testimony given by said witness before the grand jury of the facts that they there stated, the witness not stating anything hurtful to the State.

### 6.—Same—Evidence—Contempt of Witness—Acts of Third Parties.

It was error to permit the State to prove that one of its witnesses who failed to remember pertinent facts when before the grand jury was, at the instance of said body, fined for a failure to remember. It was also error to introduce in evidence the list of names of the parties who made up money and paid this fine.

### 7.—Same—Evidence—Moral Turpitude—Misdemeanor.

It was error to allow the State to introduce proof that defense's witnesses had been indicted for misdemeanor gaming, such testimony was not admissible to prove moral turpitude.

### 8.—Same—Argument of Counsel.

A statement in the closing argument for the State that there would be a subscription list going in twenty-four hours to pay the defendant's fine if he was found guilty was improper.

Appeal from the County Court of Ochiltree. Tried below before the Honorable J. M. Grigsby.

Appeal from a conviction of misdemeanor gaming; penalty, a fine of $50.

The opinion states the case.

*Hoover, Hoover & Willis, J. W. Payne,* and *Allen & Allen,* for appellant.—On question of severance: Stubblefield v. State, 241 S. W. Rep., 148; Cotton v. State, 244 id., 1027.

On question of maximum fine: Cases cited in opinion.

On question of foreman of jury: Cited cases in opinion.

On question of contradicting witnesses: Cited cases in opinion, and Satterwhite v. State, 177 S. W. Rep., 959; Clay v. State, 180 id., 277.

On question of moral turpitude: Holmes v. State, 150 S. W. Rep., 926.

On question of argument of counsel: Flores v. State, 198 S. W. Rep., 575; Whitaker v. State, 211 id., 787; Bullington v. State, 180 id., 679.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Ochiltree County of misdemeanor gaming, and his punishment fixed at a fine of fifty dollars.

The indictment was for a violation of Article 548 of our Penal Code which forbids games with cards at public places, punishment for which is fixed by statute at a fine of not less than ten nor more than twenty-five dollars. In his charge to the jury the learned trial judge stated the penalty to be not less than ten nor more than fifty dollars, and the punishment was fixed in the verdict at a fine of fifty dollars. The verdict and judgment affixed a penalty greater than that allowed by law, and under the uniform holding of this court the error of the charge in submitting a greater penalty than that allowed by statute, followed by the assessment of a larger punishment than was permitted by the law, necessitates a reversal. Holland v. State, 29 S. W. Rep., 786; Steele v. State, 46 Texas Crim. Rep., 338; Manning v. State, 46 Texas Crim. Rep., 332; Leal v. State, 46 Texas Crim. Rep., 336.

Appellant may be tried again and we notice some other matters raised in the record. One Randolph and appellant made a joint affidavit which is filed herein stating in the language of the statute that they were separately indicted for offenses growing out of the same transaction and asking that a severance be ordered, and that Randolph be first placed upon trial, averring that the evidence was not sufficient to secure his conviction and that his testimony was material on behalf of appellant. The application followed the statute. The bill complaining of this matter is without qualification. The motion for severance should have been granted.

There is a lengthy bill complaining of the overruling of objections to a certain juror and the court's action holding him qualified. The matter will not be discussed inasmuch as it will not likely occur upon another trial; but in this connection there is another bill which sets up that after the court had finished reading his charge to the jury he handed same together with the papers in the case to this particular juror claimed to be objectionable, and in terms then appointed him as foreman of the jury, and he acted in this capacity. Article 752 C. C. P. provides that the jury shall elect their own foreman. The action of the learned trial

97 T. C.—6.

judge in appointing a foreman was erroneous. We would not likely reverse a case for an error such as this unless it was in some way made to appear that injury had resulted, but attention is called to the fact that it is a violation of the statute.

A State witness who merely fails to remember facts sought to be elicited from him favorable to the State's case does not thereby place himself in an attitude to be impeached by proof of contradictory statements theretofore made by him of such favorable facts, unless he has purposely misled counsel putting him on the stand. Complaint is made here of questions asked witnesses whose only default was failure to remember favorable facts, and of the further proposition that members of the grand jury were permitted to testify for the State to testimony given by said witnesses before the grand jury of the facts that they there stated. This procedure seems to be controlled by Article 815 C. C. P. under which it is uniformly held that unless the witness state something in some way hurtful to the side of the case which places him on the witness stand, he cannot be by that side impeached.

It was error to permit the State to prove that one of its witnesses who failed to remember pertinent facts when before the grand jury was, at the instance of said body, fined for his failure to remember. Also it was erroneous to introduce the list of names of the parties who made up money and paid his fine on such occasion.

It was error to allow the State to introduce proof that defense witnesses had been indicted for misdemeanor gaming. Mr. Branch collates in Sec. 169 of his Annotated P. C. many authorities holding such testimony incompetent upon the ground that the offense is not one involving moral turpitude. A statement in the closing argument for the State that there would be a subscription list going in twenty-four hours to pay this man's fine if he was found guilty, was improper.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*