Oscar E. DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49783.

Court of Criminal Appeals of Texas.

March 19, 1975.

Tom Beard, Court appointed, Hillsboro, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for negligent homicide, second degree. The indictment was returned into the 66th District Court of Hill County, which has misdemeanor jurisdiction. See Articles 1970–333 and 1970–333a, Vernon's Ann. Civ.St. The indictment alleged that the offense occurred on December 18, 1972, and resulted from the appellant's driving a motor vehicle on the wrong side of a State highway in violation of State traffic laws, and that, while in the performance of such unlawful act, appellant's vehicle collided with another vehicle, causing the death of Mary Evans Spradlin.

The appellant entered a plea of guilty and the jury assessed punishment at two (2) years' confinement in jail, denying the motion for probation.

■ It is appellant's contention that negligent homicide statutes (Articles 1230–1243, Vernon's Ann.P.C.1925) were impliedly repealed by the enactment of Section 50A of Article 6701d, V.A.C.S. (Acts 1971, 67th Leg., p. 730, ch. 83, Sec. 19, effective August 30, 1971) where the cause of death occurs while a person is engaged in the violation of any State law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic.

"Sec. 50A. (a) Whoever shall unlawfully and unintentionally (with a conscious disregard for the rights of others) cause the death of another person while engaged in the violation of any State law or municipal ordinance applying to the operation or use of a vehicle or

streetcar or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.

"(b) Any person convicted of homicide by vehicle shall be fined not less than Five Hundred Dollars ($500) nor more than Two Thousand Dollars ($2,000), or shall be imprisoned in the county jail not less than three (3) months nor more than one (1) year, or may be so fined and so imprisoned; provided, however, that such person may be tried only upon indictment by a grand jury and may be tried only in the county where the violation occurred."

A study of the negligent homicide statutes of the 1925 Penal Code reflects that such statutes cover acts of negligence other than those involving the driving of a motor vehicle and acts involving motor vehicles where no misdemeanor is committed by the driver. It appears clear that the Legislature intended to preserve these parts of the negligent homicide statutes. It would appear, however, by the enactment of Section 50A of Article 6701d, supra, that where a death is caused by a person operating a motor vehicle while engaged in a violation of a State law or municipal ordinance, the situation is different. By passing such specific legislation covering the unlawful driving of a vehicle resulting in death, the Legislature intended that Section 50A of Article 6701d, supra, would apply solely to such situation, and the negligent homicide statute was repealed to that extent. See and compare Halsell v. Texas Water Commission, 380 S.W.2d 1 (Tex.Civ.App.1964, err. ref., n. r. e.); Franklin v. Pietzsch, 334 S.W.2d 214 (Tex.Civ.App.1960, err. ref., n. r. e.).

It is therefore our opinion that Section 50A, Article 6701d, supra, is applicable alone to deaths incurred by the negligent operation of a motor vehicle where a law or municipal ordinance is violated. See Attorney General's Opinion M–1150 (June 7, 1972).

In the instant case the court instructed the jury that the punishment for negligent homicide, second degree, was a fine not exceeding $3,000.00 or by imprisonment in county jail for any time not more than three (3) years. See Article 1242, Vernon's Ann.P.C.1925. The jury assessed the punishment at two (2) years.

Since the given conduct was governed alone by said Section 50A at the time of the offense, the punishment authorized and imposed was improper and presents fundamental error. Our able State's Attorney has confessed error and we agree for the reasons stated above.

Another problem, however, presents itself similar to that of Stein v. State, 515 S.W.2d 104 (Tex.Cr.App.1974), which involved the same enactment.

We observe that the caption of the bill enacting said Section 50A of Article 6701d, supra, does not indicate that the amendment prescribes a penalty for violation of said section, which omission is contrary to the provisions of Article III, Section 35, Texas Constitution, Vernon's Ann.St.

The body of the act relating to said Section 50A clearly sets out specific penalties for the violation thereof, but the caption is silent as to such penalties (Acts 1971, 62nd Leg., ch. 83, pp. 722–723). No penalty provision nor change in penalty from the general penalty provisions (Secs. 143 and 22 of said Article 6701d, supra), already in the statute, was indicated in the title or caption of the amending legislation for any other section except for the addition of Section 51(b) of said statute. See Stein v. State, supra, at p. 106. In fact, in *Stein,* which involved Section 186 of the same Act (wilfully fleeing a police officer), we took note in footnote #2 of such opinion that said Section 50A (Homicide by Vehicle) included in the body of that section of the Act specific penalties, but that no mention of a penalty was made in the caption or title of the enactment. This was the same defect involved in said Section 186 and this court in *Stein* held that the penal-

ty set out in the body of Section 186 but omitted in the caption failed to meet the constitutional requirements of Article III, Section 35, Texas Constitution, Vernon's Ann.St., and was void. Applying the severability clause of the enactment in question, and that portion of Article III, Section 35 of the State Constitution which provides ". . . such act shall be void only as to so much thereof, as shall not be so expressed" in the caption or title of the bill, this court in *Stein* held that part of Section 186 defining the offense of wilfully fleeing a police officer was complete within itself and capable of being executed in accordance with the legislative intention of providing for such offense. See Smith v. Blackwell, 500 S.W.2d 97 (Tex.Cr.App. 1973). This court held, under the circumstances, the penalty for violation of the section involved (Section 186) would have to be the general penalty provisions of Sections 22 and 143 of the statute (Article 6701d, supra). See White v. State, 440 S.W.2d 660 (Tex.Cr.App.1969).

The same reasoning applies here. Section 22 of Article 6701d, supra, provides:

"It is unlawful and unless otherwise declared in this Act with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this Act."

Section 143 of the same statute provides the general penalty provision of the statute and it states:

"(a) It is a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other law of this State declared to be a felony.

"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this Act for which another penalty is not provided shall be punished by a fine of not less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars."

 It is clear that the penalty applicable to a violation of the said Section 50A is the general penalty provision of Article 6701d, supra (Sec. 143), in light of the constitutional defect in the caption of the bill enacting Section 50A.

Under the circumstances presented we do not have before us the applicability of V.T.C.A., Penal Code, Sec. 19.07,[1] which became effective January 1, 1974.

For the reasons stated, the judgment is reversed and the cause is remanded.

---

1. Said Section 19.07 provides:
"(a) A person commits an offense if he causes the death of an individual by criminal negligence.
"(b) An offense under this section is a Class A misdemeanor."
Section 12.21 of the New Penal Code provides:

"An individual adjudged guilty of a Class A misdemeanor shall be punished by:
"(1) a fine not to exceed $2,000;
"(2) confinement in jail for a term not to exceed one year; or
"(3) both such fine and imprisonment."
See also V.T.C.A., Penal Code, Sections 6.03 and 6.04.