Mary DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50442.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

O. W. Sternberg, Waco, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

DALLY, Commissioner.

This is an appeal from a conviction for the offense of voluntary manslaughter; the appellant's punishment assessed by the jury is imprisonment for eight years. This record does not contain a transcript of the court reporter's notes; no question of the appellant's indigency was raised; no briefs were filed either in the trial court or in this court before original submission. The judgment was affirmed in a Per Curiam opinion. That opinion is now withdrawn. The appellant's motion for leave to file a motion for rehearing has been granted, and we will now consider the motion for rehearing.

The appellant asserts that fundamental error was committed because the jury was not properly charged on the full range of punishment for the offense of voluntary manslaughter.

V.T.C.A. Penal Code, Sec. 19.04(d) provides that voluntary manslaughter is punishable as a second degree felony. V.T.C.A. Penal Code, Sec. 12.33 provides punishment for second degree felony as follows:

"(a) An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years.

"(b) In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000."

At the punishment phase of the trial, the court's instruction to the jury concerning punishment was that "our statutes provide that the punishment for the offense of voluntary manslaughter is by confinement in the Texas Department of Corrections for any term of years not less than two nor more than twenty." The charge did not instruct the jurors that in addition to imprisonment they could assess a fine not to exceed $10,000. The appellant did not ob-

ject to the charge submitted by the court, and she did not make a special request for a proper charge.

If the jury had been instructed on the full range of punishment, the appellant argues, it might have assessed punishment of a fine and a term of imprisonment of less than eight years.

Some of the early cases held that the submission of an incorrect charge on punishment required reversal of the judgment, even though harm or prejudice was not shown. E. g. *Buford v. State*, 44 Tex. 525 (1876); *Howard v. State*, 18 Tex.App. 348 (1885); *Gardenhire v. State*, 18 Tex.App. 565 (1885). Now, however, the rule is well established that the submission of an incorrect charge on punishment does not require reversal of the judgment unless harm or prejudice is shown. *Leal v. State*, 46 Tex. Cr.R. 334, 81 S.W. 961 (1904); *Manning v. State*, 46 Tex.Cr.R. 326, 81 S.W. 957 (1904); *Robbins v. State*, 57 Tex.Cr.R. 8, 121 S.W. 504 (1909); *Bragg v. State*, 73 Tex.Cr.R. 340, 166 S.W. 162 (1914); *Grider v. State*, 82 Tex.Cr.R. 124, 198 S.W. 579 (1917); *Thompson v. State*, 91 Tex.Cr.R. 234, 237 S.W. 926 (1922); *Billings v. State*, 92 Tex.Cr.R. 628, 245 S.W. 236 (1922); *Sulak v. State*, 118 Tex.Cr.R. 112, 40 S.W.2d 157 (1931); *Christian v. State*, 135 Tex.Cr.R. 42, 117 S.W.2d 1094 (1938); *Fletcher v. State*, 137 Tex. Cr.R. 191, 128 S.W.2d 404 (1939); *Marks v. State*, 144 Tex.Cr.R. 509, 164 S.W.2d 690 (1942).

Can the error of misdirecting the jury on the range of punishment be raised at any time? There are two lines of authorities. One line holds it may be raised at any time. See *Thompson v. State*, supra; *Punchard v. State*, 122 Tex.Cr.R. 134, 54 S.W.2d 110 (1932). Another line holds that it may not successfully be raised for the first time on appeal and should be raised by objection before the erroneous charge is submitted to the jury. See *Manning v. State*, supra; *Robbins v. State*, supra; *Grider v. State*, supra; *Bragg v. State*, supra; *Marks v. State*, supra. See also *Rummel v. State*, 509 S.W.2d 630 (Tex.Cr.App.1974); *Campbell v. State*, 525 S.W.2d 4 (decided July 16, 1975).

In *Thompson v. State*, supra, the defendant was convicted for the offense of robbery with a deadly weapon; the statutory penalty was punishment by death or any term of years not less than 5; the court erroneously charged that the permissible punishment included life imprisonment; the jury assessed the death penalty; this Court held that the error was harmless; there was no objection to the charge, but this Court said the objection could be raised on the motion for rehearing on appeal.

In *Manning v. State*, supra, the defendant was convicted for the offense of perjury; the statutory penalty was punishment by imprisonment for not less than 2 years nor more than 10 years; the court erroneously charged that the permissible punishment was not less than 5 years nor more than 10 years; the jury assessed punishment of imprisonment for 7 years; this Court held that the error was waived because of the defendant's failure to object to the erroneous charge at the time of the trial; one judge wrote a dissenting opinion; the majority opinion has been criticized, *Thompson v. State*, supra; *Clayton v. State*, 78 Tex.Cr.R. 158, 180 S.W. 1089 (1915); but it has also been cited as authority, e. g., *Robbins v. State*, supra; *Grider v. State*, supra, and it has never been overruled.

In *Grider v. State*, supra, the defendant was convicted for the offense of cattle theft; the statutory penalty was imprisonment in the penitentiary for not less than 2 years and not more than 4 years; the court erroneously charged that the permissible punishment was not less than 2 years and not more than 5 years; the jury assessed punishment of imprisonment for 3 years; this Court held that error was waived because of the defendant's failure to object to the erroneous charge at the time of trial.

The court's instructions in *Manning v. State*, supra, and *Grider v. State*, supra, that misdirected the jurors on the range of

punishment that could be assessed were more harmful to those defendants than the complained of instructions are to the appellant in this case. In this case, at the time of trial, it was to the appellant's advantage not to object to the instructions that failed to tell the jurors they could assess a fine in addition to imprisonment. She, having accepted this benefit, having failed to object to the court's charge, and having failed to request a proper charge—Articles 36.14 and 36.15, V.A.C.C.P.—waived her objection and cannot now for the first time on appeal in the motion for rehearing successfully complain of the court's erroneous charge. See Article 36.19, V.A.C.C.P.; *Manning v. State,* supra; *Grider v. State,* supra; *Campbell v. State,* supra.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent.