**Wally HICKMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53045.**

Court of Criminal Appeals of Texas.

March 30, 1977.

Fred L. Leach, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment, enhanced by two prior felony convictions, is imprisonment for life.

This conviction must be reversed because there is no evidence to show that appellant's second previous felony conviction was for an offense committed after the first previous felony conviction became final.

The indictment alleged that prior to February 20, 1975, the alleged date of the commission of the primary offense, the appellant had been, on November 2, 1962, in Cause No. 2827–B in the 104th District Court of Taylor County, convicted for the felony offense of burglary, and that, after the conviction in Cause No. 2827–B had become final appellant committed the offense of burglary and was convicted for that offense on June 23, 1964, in Cause No. 9926–A in the 42nd District Court of Taylor County.

V.T.C.A. Penal Code, Section 12.42(d), provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final*, on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis added.)

 V.T.C.A. Penal Code, Section 12.-42(d), requires the State to prove that the accused's second previous felony conviction was committed after the first previous conviction became final. *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr.App.1976). This has also been the consistent holding of this Court under our former Penal Code; Article 63, V.A.P.C. (1925). See e. g., *Rogers v. State*, 168 Tex.Cr.R. 306, 325 S.W.2d 697 (1959); *Lee v. State*, 400 S.W.2d 909 (Tex. Cr.App.1966); *Hutchinson v. State*, 481 S.W.2d 881 (Tex.Cr.App.1972); *Kessler v. State*, 514 S.W.2d 260 (Tex.Cr.App.1974); *Tyra v. State*, 534 S.W.2d 695 (Tex.Cr.App. 1976).

The State introduced the judgment and sentence for each of the two prior felony convictions alleged in the indictment. The appellant's conviction for the offense of burglary in Cause No. 9926–A was final on June 23, 1964; therefore, this conviction was final before the commission of the primary offense which occurred on February 20, 1975. Appellant's conviction for burglary in Cause No. 2827–B was final on November 2, 1962; however, the record does not show when the offense in Cause No. 9926–A was committed. Therefore, there is no evidence in the record showing that the conviction in Cause No. 2827–B was final when appellant committed the offense in Cause No. 9926–A.

Although the error relates to punishment only, the jury, not the court, assessed punishment. Therefore, we may not reform the sentence or remand for a new trial on punishment only. *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976); *Wiggins v. State*, supra. Compare *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), and *Tyra*

*v. State*, supra, where punishment was assessed by the court.

In the event of another trial the prosecutor should not, as was done by the prosecutor in this case, speculate before the jury on whether the appellant had committed other offenses that the jury did not know about.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.