Edwin WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 58174.

Court of Criminal Appeals of Texas,
Panel No. 3.

April 16, 1980.

Jesse Carrillo, Cary D. Jones, Austin, for appellant.

Ronald Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by two prior felony convictions pursuant to V.T.C.A. Penal Code, Sec. 12.42(d), was assessed at life imprisonment.

We find that the judgment in this case must be reversed, as the appellant contends, because the State failed to prove that the appellant's second previous felony conviction, used for enhancement, was for an offense committed after the first previous felony conviction became final. Section 12.-42(d), supra, provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final*, on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis added)

The enhancement paragraphs of this indictment read as follows:

"And the Grand jury aforesaid does further present that prior to the commission of the aforesaid offense by the said Edwin Williams, to-wit: on the 4th day of September, A.D. 1975, in the District court of Terry County, Texas, in Cause No. 2098 on the docket of said court, the said Edwin Williams under the name of Edwin Williams was duly and legally convicted in said last named court of a felony less than capital, to-wit: Burglary upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Edwin Williams, prior to the

commission of the offense herein before charged against him, as set forth in the first paragraph hereof.

And the Grand Jury aforesaid does further present that prior to the commission of the aforesaid offenses by the said Edwin Williams, to-wit: on the 8th day of January, A.D. 1970, in the 147th District Court of Travis County, Texas, in Cause No. 39,971 on the docket of said court, the said Edwin Williams under the name of Edwin Williams was duly and legally convicted in said last named court of a felony less than capital, to-wit: Passing a Forged Instrument upon an indictment then legally pending in said last named court and of which said court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Edwin Williams prior to the commission and conviction of the offense herein before charged against him in the second paragraph hereof, and said commission and conviction set forth in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof, AGAINST THE PEACE AND DIGNITY OF THE STATE."

The State introduced into evidence the judgment and sentence for each of the two prior felony convictions alleged in the indictment. The indictments for these prior offenses were not introduced into evidence. There is nothing in the record which indicates when the offense, upon which the second conviction was based, was committed.

Section 12.42(d), supra, requires the State to prove that the accused's second previous felony conviction was committed after the first previous conviction became final. *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr. App.1977); *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr.App.1976). In this case, there was no evidence that the conviction in Cause No. 39,971 was final when the appellant committed the offense in Cause No. 2098.

Although the error relates to punishment only, the jury, not the court, assessed punishment. We may not, therefore, reform the sentence or remand for a new trial on punishment only. *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976). See *Hickman*, supra; *Wiggins*, supra.

The judgment is reversed and remanded.