**Patrick O'Neal MURPHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60900.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 22, 1981.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and McCORMICK, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation, in which punishment was assessed at life imprisonment after the jury found that appellant had twice previously been convicted of felony offenses. See V.T.C.A., Penal Code, § 12.-42(d).

In one of three grounds of error, appellant contends that the State failed to prove that the second offense alleged for enhancement of punishment was committed subsequent to the first alleged conviction having become final, as required by § 12.42, supra.

Appellant entered a plea of "not true" to the enhancement paragraphs in the indictment. The State attempted to prove the allegations therein by introducing two "pen packets" provided by the Texas Department of Corrections, which contained certified copies of the judgment and sentence for each of two prior convictions.

Those instruments reveal that appellant was convicted of burglary in Cause No. C–68–5727–JH in Dallas County, and was sentenced on September 3, 1969.

They also indicate that appellant was convicted of theft of property worth more than $50.00 in Cause No. C–70–4914–LN in Dallas County; the judgment in that cause was dated November 18, 1970, but does not state the date the offense was committed. The State did not introduce a copy of the indictment or any other evidence indicating the date of the offense.

The evidence adduced at the punishment hearing was therefore insufficient to show the latter offense was committed after the burglary conviction became final, and appellant's ground of error must be sustained. *Jefferson v. State*, 611 S.W.2d 102 (Tex.Cr. App.1981); *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977); *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr.App.1976).

The State points out in its brief that the judgment in Cause No. C–70–4914–LN, the prior theft conviction, contains a notation that punishment was enhanced with a prior final conviction for burglary. It is argued that this notation, along with the transcription of a discussion among the trial counsel and court conducted outside the presence of the jury, sufficiently identifies that burglary conviction as the one alleged for enhancement in the instant case, and thus reveals that it was final before the commission of the theft offense also used for enhancement.

We must reject this contention, as the papers introduced in evidence at the punishment hearing do not in any way identify the burglary conviction used for enhance-

ment in Cause No. C–70–4914–LN. And unsworn statements of counsel made outside the presence of the jury, the finder of fact in this proceeding, cannot serve to remedy the deficiency of proof of which appellant now complains. See, e. g., *Ex parte Keller*, 595 S.W.2d 531 (Tex.Cr.App.1980).

Because the jury assessed punishment, we cannot remand for a new trial on punishment only. *Hickman*, supra. The judgment is reversed and the cause remanded.