**Robert Lee BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00346–CR.**

Court of Appeals of Texas, Dallas.

Jan. 29, 1982.

John A. Haring, Dallas, for appellant.

Gregory Long, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

Robert Lee Beasley, appellant, was convicted of aggravated robbery by a jury who assessed his punishment, enhanced by two prior felony convictions, at life imprisonment. On appeal, he urges five grounds of error: (1) inadmissibility of his confession because of alleged acts of coercion by a police officer; (2) failure to charge the jury to disregard his confession if they found it was not made voluntarily; (3) insufficiency of the evidence because of lack of corroboration of an accomplice witness's testimony; (4) failure of the trial court to grant a mistrial because of a non-responsive answer of a State's witness; and (5) failure to direct a verdict against the State because of insufficient evidence to prove the enhancement allegations that appellant's second previous felony conviction was committed after the first previous felony conviction. We disagree with each ground and, accordingly, affirm.

Appellant, accompanied by one Craig Dollins, entered the Sonic Drive-In restaurant located in Cedar Hill, Texas, about 10:00 p. m. on January 24, 1980. Confronting three of the employees with a gun, appellant ordered two of them to lie down on the floor and asked the third where the safe was located. When told there was no safe, appellant demanded all the money available and was given a gray box containing about $600. Appellant then ordered the third employee to lie down on the floor, and as he did so, the gun discharged, wounding the employee, and appellant fled. The following day, appellant was arrested and taken to the Cedar Hill Police Station. There appellant gave a statement which he signed after it was reduced to writing.

■ Appellant's first ground of error alleges that the trial court erred in admitting his confession into evidence over his objection since it was not made voluntarily and was taken in violation of his rights under the United States Constitution, the Texas Constitution, and articles 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure. Specifically, he asserts that he was coerced into signing a confession because of threats made by the Chief of the Cedar Hill Police to charge appellant's sister with the robbery if he did not cooperate. Before trial, appellant was afforded a hearing to determine the admissibility of his confession in accordance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At such a hearing, the trial judge is the sole judge of the weight and credibility of the witnesses, and he may believe or disbelieve any or all of the testimony given. *Hughes v. State*, 562 S.W.2d 857 (Tex.Cr.App.1978); *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977).

■ In the present case, appellant testified that he consistently denied involvement in the robbery until Chief Campbell told him that he had enough evidence to charge appellant's sister with the robbery and that she would lose custody of her son if this happened. Appellant then signed a statement admitting his complicity. Chief Campbell specifically denied all of the allegations made by appellant. Campbell's testimony disputed that of appellant and raised a question of fact to be determined by the trial judge. *Harville v. State*, 591 S.W.2d 864 (Tex.Cr.App.1979). The trial judge chose to believe the testimony of Chief Campbell, and found that appellant's confession was freely and voluntarily made. We conclude that the evidence supports the court's finding that appellant's confession was given freely and voluntarily after he had been fully advised of his rights and knowingly and voluntarily waived those rights. Consequently, the trial court did not err in admitting the confession into evidence. *Barton v. State*, 605 S.W.2d 605 (Tex.Cr.App.1980); *Harville v. State, supra.* Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the trial court erred in failing to instruct the jury to disregard appellant's confession if they found it was not voluntarily given. Appellant did not request such a charge or object to the charge as submitted. The failure of which appellant complains was not fundamental error, and thus was waived by his failure to object. *King v. State*, 502 S.W.2d 795 (Tex.Cr.App. 1973); *Smith v. State*, 439 S.W.2d 834 (Tex. Cr.App.1969).

■ In his third ground of error, appellant contends that the testimony of the accomplice witness, Craig Dollins, was uncorroborated, and that without his testimony the evidence is insufficient to sustain the conviction. We disagree. Appellant's voluntary confession was sufficient in and of itself to corroborate Dollins' testimony. *Alonzo v. State*, 591 S.W.2d 842 (Tex.Cr.App. 1979). We overrule appellant's third ground of error.

■■ Appellant, by his fourth ground of error, complains of the non-responsive answer of a State's witness and contends that such non-responsive answer was sufficiently prejudicial to require reversal. We disagree. At trial the State's witness, William Campbell, Cedar Hill Chief of Police, was asked by appellant's counsel:

Question: "Do you recall what time you arrived at the police station?"

Answer: "It was about an hour to an hour and a half after the search warrant was executed and the search warrant was executed around 4:00 p. m."

Appellant's objection was sustained, and the jury was instructed to disregard the answer. Appellant's motion for mistrial was denied. Appellant alleges that the non-responsive answer was prejudicial to him as it revealed to the jury that a search warrant had been executed. In fact, the evidence seized thereby was not introduced by the State because of an error in the supporting affidavit. A non-responsive answer is not error where the court promptly instructs the jury not to consider it. *Sierra v. State*, 476 S.W.2d 285 (Tex.Cr.App.1971). We do not believe that the officer's answer

was of such a prejudicial nature that it was not cured by the instruction to the jury. *Sierra v. State, supra.* We overrule appellant's fourth ground of error.

 Finally, in his fifth ground of error, appellant contends that the State did not prove for enhancement purposes that the second of his two previous felony convictions was committed after the first became final. Consequently, he asserts that the trial court should have granted his motion for a directed verdict of not true as to the second paragraph of the indictment. Appellant relies upon *Williams v. State*, 596 S.W.2d 903 (Tex.Cr.App.1980). In *Williams*, the judgment was reversed because the evidence introduced by the State to prove two prior felony convictions contained no indication as to when the alleged second offense was committed. In the present case, the State introduced the penitentiary packets from the two prior felony convictions alleged for enhancement, and the judgment in each recites the date of commission of the offense. The dates recited show that the commission of the second felony offense and the resulting conviction were subsequent to the commission of the first felony offense and resulting conviction. Accordingly, the State satisfied its burden of proof. *Von Burleson v. State*, 505 S.W.2d 553 (Tex.Cr.App.1974). Appellant's fifth ground of error is overruled.

Affirmed.