**David ADAMS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–243CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 17, 1982.

Donald W. Bankston, Houston, for appellant.

Alvin Titus, Keno M. Henderson, Jr., Asst. Dist. Attys., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was convicted of the offense of aggravated rape, Section 21.03, Tex.Penal Code Ann. (Vernon 1974). After finding appellant had been previously convicted of a prior felony, the jury assessed punishment at life confinement in the Texas Department of Corrections and a $10,000.00 fine. We find no error in the judgment of the trial court, save the $10,000.00 fine which is not provided by Sec. 12.42(c), and we affirm as reformed herein.

Initially, appellant claims the trial court erred in failing to grant his motion for mistrial based on a prejudicial question propounded by the prosecutor. During the presentation of his case, appellant called his wife, Kay Reese Adams, to testify on his behalf. Ms. Adams testified appellant was with her part of the night in question. She further testified to appellant's dress and appearance and whether he had been drinking. (The complaining witness had previously testified as to her assailant's clothing and that he may have been intoxicated at the time of the rape.) On cross-examination, the state asked Ms. Adams the following question: "Ms. Adams, are you in the process of getting a divorce?" Appellant's counsel objected and the jury received an instruction to disregard. Appellant now maintains the instruction to disregard was ineffective to cure the error and that the impropriety of the prosecutor's comment necessitated a mistrial.

The Court of Criminal Appeals has held as a general rule that an improperly asked question can be cured or rendered harmless by either a withdrawal of the question or testimony, or by an instruction to disregard. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Cavender v. State,* 547 S.W.2d 601 (Tex.Cr.App.1977); *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969). The exception to this general rule, as urged by appellant, is that an instruction to disregard is inadequate to cure such error when it appears the question is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Carrillo,* 591 S.W.2d at 892, *Cavender,* 547 S.W.2d at 603.

The court's quick action in sustaining the objection and instructing the jury to disregard the question cured all error, if any existed. A mistrial, therefore, was unnecessary and the court did not err in overruling appellant's motion to that effect. *DeBolt v. State,* 604 S.W.2d 164 (Tex.Cr. App.1980); *Carrillo, supra.* The prosecutor's question, when examined on its own, appears prejudicial and improper. A complete review of the cross-examination of Ms. Adams, however, reveals a valid purpose behind the state's question. The prosecutor's subsequent cross-examination revealed that appellant and his wife were separated at the time of the offense, and that since appellant was not living with her she did not possess full knowledge of his whereabouts that evening. Therefore, because there was a valid purpose behind the state's question, there was no intent by the prosecutor to inflame the minds of the jury. While the question could have been better phrased, we do not think it amounted to error. If any error existed, it was cured by the court's instruction to disregard. Appellant's first ground of error is overruled.

Second, appellant claims the trial court erred in allowing the state to amend

the enhancement portion of the indictment after appellant's conviction but prior to its presentation at the penalty stage. Prior to impanelling the jury, the enhancement paragraph of the indictment read:

Before the commission of the offense alleged above, on February 5, 1975, in Cause No. 10928, in the 123rd District Court of Shelby County, Texas, the Defendant was convicted of the felony of Burglary and Theft.

The state's amendment deleted the words "and Theft," so the jury received an enhancement paragraph only charging a prior conviction for burglary. Appellant complains this amendment was in violation of Article 28.10 of the Texas Code of Criminal Procedure which prohibits indictment amendments as to form or substance after the beginning of trial.

We disagree. The deletion of the words "and Theft" from the enhancement paragraph did not come under the amendment prohibition of Article 28.10. The State, by abandoning one of the prior convictions in the enhancement, did not amend a material or descriptive allegation in the indictment. The Court of Criminal Appeals held in *Passmore v. State,* 544 S.W.2d 399 (Tex.Cr.App. 1976), that allegations of prior convictions in an enhancement indictment are not part of the substantive offense, but are merely guides for the court or jury in fixing final punishment in the event of a conviction. The listing of the type of offense in the enhancement paragraph is primarily important in showing a prior felony conviction. *Id.* at 430. In *Degay v. State,* 455 S.W.2d 205 (Tex.Cr.App.1970), the court held there is no violation of Article 28.10 for the state to abandon or waive additional paragraphs in an enhancement portion of an indictment. Therefore, there was no Article 28.-10 amendment in the instant case, but merely an abandonment of one of the methods of proving a prior felony conviction. *Garcia v. State,* 537 S.W.2d 930, 933 (Tex. Cr.App.1976). *See: Davis v. State,* 532 S.W.2d 626, 629 (Tex.Cr.App.1976), where the court found no error in the deletion of the amount of money from an indictment because it was not a necessary averment.

In addition, if there was any error in permitting the state to amend the indictment, we do not believe it was harmful, since the deletion could only have been to appellant's advantage. Ground of error two is overruled.

■ In connection with his second ground of error appellant complains of a fatal variance between the amended enhancement paragraph alleged and the proof offered at trial. Appellant claims the proof presented at trial showed a prior conviction for burglary and theft, while the amended indictment alleged a conviction only for burglary. This variance, he asserts, is fatal because it proved an offense not alleged. This argument is untenable. The proof of appellant's theft conviction was merely surplusage, especially since the theft was an element of the offense of burglary. The additional proof did not give rise to a fatal variance. *See: United States v. Goodman,* 605 F.2d 870 (5th Cir.1979); *Cohen v. State,* 479 S.W.2d 950 (Tex.Cr.App.1972).

■ Finally, appellant claims the trial court erred in charging the jury and pronouncing sentence on a punishment not allowed by the Texas Penal Code. The charge given the jury provided for a fine not to exceed $10,000 in addition to confinement in the Texas Department of Corrections. The jury returned a punishment of confinement for life and the fine. Section 12.42(c), the enhancement statute under which appellant was punished, however, does not provide for a fine. Therefore, appellant maintains the punishment pronounced by the jury was fundamentally impermissible.

We agree the $10,000.00 fine assessed by the jury was not authorized by Section 12.-42(c). We do not believe this error necessitates a reversal of appellant's conviction. It is clear the jury assessed the maximum punishment authorized by the court's charge. Therefore, by reforming the sentence we are not speculating on the punishment the jury would have given had there been no defect in the charge. *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App.1978).

**214**

Under the authority provided by Art. 44.-24(b), Tex.Code Crim.Pro., we reform the judgment and sentence to reflect a punishment of life confinement in the Texas Department of Corrections.

The judgment of the trial court is affirmed as reformed.