**Robert Amos BOGANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0153–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1983.

Gladys Goffney, Harris County, Houston, for appellant.

Calvin Hartman, Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted after a jury trial of aggravated robbery. The same jury assessed punishment at 60 years confinement in the Department of Corrections and a $10,000.00 fine, enhanced by one prior felony conviction under § 12.42(c) V.T.C.A., Penal Code.

A significant error occurred at the punishment stage of this trial. Appellant was indicted for the first degree felony offense of aggravated robbery enhanced by one prior felony conviction which placed him within a penalty range of 15 years to life in the Texas Department of Corrections, pursuant to § 12.42(c), V.T.C.A., Penal Code. The court, however, instructed the jury that, in addition to a prison sentence within that range, they could assess a fine not to exceed $10,000.00. The jury assessed a fine of $10,000.00, and the court sentenced appellant to serve 60 years and to pay the $10,000.00 fine.

This constitutes an illegal sentence since § 12.42(c) does not permit the imposition of a fine. This court has the power to reform and correct judgments and hereby does so by striking any requirement that appellant pay any fine as part of his punishment in this case. Article 44.24(b) V.A.C.C.P.

Appellant asserts that reformation is an inadequate remedy to cure the error which occurred here. Only a new trial can accomplish that, he asserts. We disagree.

In *Adams v. State*, 642 S.W.2d 211 (Tex. App.—Houston [14th Dist.] 1982), a similar error was presented. Mr. Adams was sentenced by a jury to life imprisonment and a

$10,000.00 fine after being convicted of the offense of aggravated rape, a first degree felony, upon an indictment containing an enhancement paragraph alleging one prior felony conviction. The court reformed the sentence by striking any requirement of a fine from the sentence and holding that a fine was unauthorized and in excess of the penalty range set by § 12.42(c). V.T.C.A., Penal Code. The court stated:

> We agree the $10,000.00 fine assessed by the jury was not authorized by § 12.42(c). We do not believe this error necessitates a reversal of appellant's conviction. It is clear the jury assessed the maximum punishment authorized by the court's charge. Therefore, by reforming the sentence, we are not speculating on the punishment the jury would have given had there been no defect in the charge.

This case differs from the *Adams* case because the maximum sentence of life imprisonment was not assessed. However, we do not believe that the fact that appellant was sentenced to 60 years in this case instead of life, as in *Adams,* requires a different result. We can imagine no scenario in which the jury may have increased appellant's period of confinement because they also had the opportunity to assess a fine. On the contrary, we can only conceive that the possibility of assessing a fine influenced the jury to reduce the length of the confinement or had no effect at all. Consequently, we hold that any error was harmless or benefited the appellant in this case.

Appellant made no objection to the improper punishment range submitted to the jury and made no request for a proper charge. This was held to waive error at the punishment stage in *Daniels v. State,* 527 S.W.2d 549, 550–551 (Tex.Cr.App.1975). In *Daniels,* the appellant was convicted of voluntary manslaughter. The court correctly instructed the jury on a punishment range of 2 to 20 years but totally omitted the jury's option to assess a fine not to exceed $10,000.00. Mrs. Daniels complained of this as fundamental error. In a three to two opinion, the court stated:

> The court's instructions in *Manning v. State,* ([46 Tex.Cr.R. 326] 81 S.W. 957) and *Grider v. State,* ([82 Tex.Cr.R. 124] 198 S.W. 579) that misdirected the jurors on the range of punishment that could be assessed were more harmful to those defendants than the complained of instructions are to appellant in this case. In this case, at the time of trial, it was to the appellant's advantage not to object to the instructions that failed to tell the jurors they could assess a fine in addition to imprisonment. She, having accepted this benefit, having failed to object to the court's charge and having failed to request a proper charge—articles 36.14 and 36.15, V.A.C.C.P.—waived her objection and cannot now for the first time on appeal in the motion for rehearing successfully complain of the court's erroneous charge.

We believe it was to appellant's advantage here not to object to the instruction at the punishment stage telling the jury that they could assess a $10,000.00 fine. This undoubtedly led them to believe that appellant would have to pay a fine, which, in fact, he will not, because of our reformation. The absence of a fine could only have increased the number of years punishment assessed by the jury.

Ground of error three is overruled.[1]

---

1. The cases cited in the dissenting opinion involve facts distinguishable from this case. *Ross v. State,* 487 S.W.2d 744 (Tex.Cr.App. 1972) was reversed because of fundamental error in the jury charge at the guilt stage, not because of error at the punishment stage. *Pierson v. State,* 614 S.W.2d 102 (Tex.Cr.App. 1981) was a death penalty case reversed for error in jury selection, not at the punishment stage. In *Davis v. State,* 519 S.W.2d 874 (Tex. Cr.App.1975) harm was plainly shown because both the fine and the jail sentence assessed exceeded the statutory maximum. In *Williams v. State,* 596 S.W.2d 903 (Tex.Cr.App.1980) the appellant was wrongly sentenced to an automatic life sentence under Tex.Penal Code Ann. § 12.42(d). The court's error in that case deprived the appellant of consideration of a range of punishment from 15 years to life, an obviously harmful error unlike that which occurred in this case. The same is true of *Murphy v. State,* 619 S.W.2d 164 (Tex.Cr.App.1981), and *Ex parte Nivens,* 619 S.W.2d 184 (Tex.Cr.App. 1981). Finally, the appellant in *Moss v. State,*

In ground of error number two, appellant requests a reversal because the conviction used for enhancement was based on a fundamentally defective indictment. Again, we disagree.

The prior conviction alleged for enhancement was for a felony theft occurring on or about January 9, 1973. This was before January 1, 1974, when our present penal code became effective.

Appellant complains that the theft indictment is defective because it fails to assert that the theft was without the owner's *effective* consent. The indictment does allege that the theft was "without the consent of the complainant." No more was required under the theft statute in effect at the time of the commission of the offense used for enhancement. That statute, Tex.Penal Code Ann. § 1410 (Vernon 1925), requires that a property taking occur without the victim's consent to constitute theft. It does not require "effective consent". We conclude that appellant was properly indicted under the law in force at the time the offense was committed. The cases cited by appellant in his brief are distinguishable. Three of them contained no allegation whatsoever of lack of consent. These are *Martinez v. State,* 494 S.W.2d 182 (Tex.Cr. App.1973); *Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971); and *Long v. State,* 39 S.W. 674 (Tex.Cr.App.1897). The fourth, *Kitchen v. State,* 124 Tex.Cr.R. 358, 62 S.W.2d 144 (Tex.Cr.App.1933), negated the consent of the corporate agent having possession of the property, but failed to negate the corporation's lack of consent.

Ground of error number two is overruled.

In ground of error number one, appellant asserts that the pre-trial identification procedure was so unnecessarily suggestive and conducive to mistaken identification that it amounted to a denial of due process. We note at the outset that the photographs used in the multiple photo display were not included in the appellate record. We therefore have nothing to review.

The same is true of appellant's assertion that his facial features were different from the photographs. Appellant nowhere points in the record to any evidence of suggestive procedures. At oral argument, his counsel conceded that there was no evidence of improperly suggestive police conduct here. Appellant argues, however, that the photo display must have been suggestive because a witness to the crime who did not view the display could not identify appellant, while the two witnesses who did view the photo display identified him. Such speculation may result in effective jury argument, but it offers no basis for reversal of a judgment.

Ground of error number one is overruled.

The judgment is affirmed.

DOYLE, J., dissents.

DOYLE, Justice, dissenting.

I respectfully dissent. The majority has predicated its reasons for overruling the appellant's ground of error three on the following observations and conclusions. First, the majority states that the appellant failed to object to the incorrect charge at the trial stage and hence waived the right to complain of it on appeal. Second, the majority is of the opinion that the error was harmless and hence not fundamental. Finally, it concluded that the error could be cured by simply reforming the judgment by cutting off the unauthorized fine assessed by the jury and otherwise affirming the trial court judgment.

In ground of error three, the appellant contends that the trial court committed fundamental error by charging the jury on unauthorized punishment, which is violative of Section 12.42(c) Tex.Penal Code Ann. (Vernon 1974). The section reads:

(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of

---

574 S.W.2d 542 (Tex.Cr.App.1978) was obviously harmed when the jury was told minimum

sentence was five years, which they assessed, when, in fact, the minimum was two years.

not more than 99 years or less than 15 years.

The applicable part of the charge reads:

Therefore, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for not less than fifteen years nor more than ninety-nine years, or life. *In addition thereto, a fine not to exceed $10,000.00 may be assessed....* (emphasis added)

The jury assessed a punishment of 60 years confinement and a $10,000 fine.

The appellant. contends that a $10,000 assessment of fine constituted fundamental error and therefore requires reversal. I agree. It is undisputed that the charge given as to the applicable punishment was erroneous and not objected to at the trial level. Therefore, it will not require reversal unless fundamental error is shown. The Texas Court of Criminal Appeals defined fundamental error as being "an error 'calculated to injure the rights of the appellant to the extent that he has not had a fair trial'." *Ross v. State,* 487 S.W.2d 744 (Tex. Cr.App.1972).

I think that appellant's reliance on *Davis v. State,* 519 S.W.2d 874 (Tex.Cr.App.1975) is well placed. There the fine and sentence were unauthorized. In *Davis,* as in the case before us, the forbidden conduct is governed by statute alone, and the punishment exceeded the provisions of the statutes. The court reasoned:

Since the given conduct was governed alone by said Section 50A at the time of the offense, the punishment authorized and imposed was improper and presents fundamental error.

The State and the majority opinion rely principally on *Daniels v. State,* 527 S.W.2d 549 (Tex.Cr.App.1975) and *Adams v. State,* 642 S.W.2d 211 (Tex.App.—Houston [14th Dist.] 1982, no writ). Both of these cases may be distinguished. In *Daniels,* the court *omitted* the $10,000 fine option from the charge when it should have been included. In our case, the court *included* the $10,000 fine option when it should have been omitted. (emphasis added) In *Daniels,* obviously no fine was assessed, while in our case

the appellant was assessed the unauthorized $10,000 fine. In *Daniels,* the wrong charge conceivably may have benefited the accused. It would strain my logic to conclude that the appellant was not harmed by having a fine of $10,000 added to his 60 year sentence.

In *Adams,* the jury assessed life plus the fine of $10,000, under the erroneous charge by the court that both the life sentence and a fine not to exceed $10,000 could be assessed. Pursuant to 12.42(c), *supra,* the $10,000 fine was not authorized. The appellate court reformed the sentence by leaving off the fine and declaring that "... We are not speculating on the punishment the jury would have given had there been no defect in the charge." In the case before us, the jury, under a similar erroneous charge, sentenced the appellant to 60 years and a fine of $10,000. The majority admits that the court's charge was erroneous, but that it could "only *conceive* that the possibility of assessing a fine influenced the jury to reduce the length of confinement or had no effect at all." This conclusion would have to be pure speculation. In *Adams* and our case, the assumption has been made that the juries, if correctly charged, would have assessed life and 60 years, respectively. This is the very appellate conduct that the Texas Court of Criminal Appeals condemned in *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App.1978) on motion for rehearing, a case in which the court had originally predicated its judgment on the assumption that the jury, which convicted and assessed the punishment at five years for burglary of a habitation, would assess the same punishment for burglary of a building. Burglary of a habitation was not proven—burglary of a building was proven. In reversing and remanding for a new trial, the court stated:

We have now concluded that we were incorrect in both cases. It is not proper for this Court to speculate on what punishment would have been assessed by either the jury or the judge. This Court by doing so determined the punishment; we were not authorized to determine the

punishment in either case. In *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976) we should have remanded the cause for the trial court to reassess punishment and to that extent we overrule our decision in that case.

The majority raised the question of whether the admitted error was harmless and benefited the appellant, concluding that it was to his advantage. Here again speculation arises. Absent the $10,000 fine option, would the jury have considered the crime to be less serious and imposed a lesser number of years? Would it have affected the jury's deliberations in any way? No one knows or will ever know. Once an erroneous charge is given and the jury assesses any punishment except the minimum, there is absolutely no basis for assuming that the appellant has not been harmed. *Nalls v. State,* 87 Tex.Cr.R. 83, 219 S.W. 473 (Tex.Cr.App.1920).

Lastly, the majority's holding would defeat the right and option of the appellant to have his fate and punishment, if any, determined by a jury instead of the court as accorded him by article 37.07, Sec. 2(b)(2), V.A.C.C.P.

The law in Texas is now settled that where an error has occurred in the sentencing or punishment phase of a trial and the assessment was made by the jury, the appellate court does not have the authority to reform the sentence, nor remand for a new trial on punishment only. The accused is entitled to a new trial on the issue of guilt as well. *Pierson v. State,* 614 S.W.2d 102 (Tex.Cr.App.1981); *Murphy v. State,* 619 S.W.2d 164, 166 (Tex.Cr.App.1981); *Ex Parte Nivens,* 619 S.W.2d 184 (Tex.Cr.App. 1981). In *Williams v. State,* 596 S.W.2d 903 (Tex.Cr.App.1980), the court stated:

> Although, the error relates to punishment only, the jury, not the court assessed punishment. We may not, therefore, reform the sentence or remand for a new trial on punishment only.

Therefore, I would sustain appellant's third point of error, reverse and remand the cause for a new trial.