NUMBER 13-99-662-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

EDWIN CUVILLIER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Yañez 

Edwin Cuvillier was found guilty by a jury of aggravated assault, with the conviction being enhanced by a finding that
Cuvillier was an habitual offender. Cuvillier now appeals this conviction with three issues on appeal. We affirm.

In his first issue, Cuvillier argues that the trial court erred by refusing to grant him an additional ten days to prepare for
trial because, Cuvillier argues, the State amended the indictment on the day of trial. See Tex. Code Crim. Proc. art. 28.10
(Vernon 1989)(when State amends the indictment, the court shall allow defendant, upon defendant's motion, at least ten
days to respond to amended indictment). The State deleted one of the enhancement paragraphs in the indictment in
response to Cuvillier's motion to quash that paragraph, and removed language in the next paragraph which referred to the
abandoned paragraph. 

Deletion of prior convictions from an enhancement is not an amendment subject to article 28.10. Adams v. State, 642
S.W.2d 211, 213 (Tex. App.-Houston [14th Dist.] 1982, no pet.). Issue number one is overruled.

In his second issue, Cuvillier argues there was no evidence that the knife used in the attack was a deadly weapon as used. In
reviewing a "no evidence" or legal sufficiency challenge, we review all the evidence in the light most favorable to the jury's
verdict and determine whether any rational trier of fact could have found beyond a reasonable doubt all the essential
elements of the charged offense. Jackson v. Virginia, 443 U.S. 307 (1979); McCain v. State, 22 S.W.3d 497 (Tex. Crim.
App. 2000). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon 1994). Although a knife is not a deadly weaponper
se, a knife can be found to be a deadly weapon based on the nature of its use or intended use. See Thomas v. State, 821
S.W.2d 616, 619-20 (Tex. Crim. App. 1991); Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.-Houston [1st Dist.] 1999, pet.
ref'd).

In the instant case, legally sufficient evidence was adduced at trial to allow the jury to conclude that the knife, as used by
Cuvillier, was a deadly weapon. Issue number two is overruled.

In his third issue, Cuvillier argues the trial court erred by allowing the State to elicit testimony from Cuvillier concerning
his arrests for evading arrest and criminal trespass in October 1997, during the guilt/innocence phase of the trial. The State
argues that Cuvillier "opened the door" to this evidence. We find that Cuvillier did not make a statement implying that he
had never committed a crime; therefore, he did not open the door. Lewis v. State, 933 S.W.2d 172, 179 (Tex. App.-Corpus
Christi 1996, pet. ref'd). Having found that the trial court erred by allowing the State to question Cuvillier on the October
1997 arrests, we must now determine if the error was harmless. Tex. R. App. P. 44.2; Lewis, 933 S.W.2d at 179. 

To determine if the error was harmless we consider: 1) the error's source and nature; 2) whether or to what extent the State
emphasized it; 3) its collateral implications; 4) how much weight a juror probably would place on it; and 5) whether
declaring it harmless would encourage the State to repeat it with impunity. Lewis, 933 S.W.2d at 179. Applying these
factors, we do not find the error to have been harmful. Issue number three is overruled.

The judgment of the trial court is AFFIRMED.

 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

21st day of June, 2001.

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).